# Hale *against* Fenn.

In an action of debt upon a note in which the defendant has pleaded "payment, with leave to give the special matter in evidence," the plaintiff may require notice of the special matter which the defendant intends to give in evidence; and that notice must specify the particular matters relied upon: it is not sufficient that it states that "the note was obtained from the defendant without legal or sufficient consideration, and by undue means, and that the defendant is not liable to pay the same." It must specify how it was obtained, and what are the particular matters to be proved.

ERROR to the Common Pleas of *Dauphin* county.

This was an action of debt upon a negotiable note, by Benezer Hale, endorsee of John Snyder, against Theophilus Fenn.

The defendant pleaded payment with leave, &c. and the plaintiff gave him notice to furnish the special matter which he intended to give in evidence. In answer to which the defendant gave this notice:

III. — 46                    2 F

" You are hereby notified, that on the trial of this cause, the above defendant will insist on and give in evidence, that the supposed promissory note, mentioned in the declaration in this cause, was obtained from the said defendant without legal or sufficient consideration, and by undue means, and that the said defendant is not liable to pay the same."

Upon this notice the defendant offered to prove that the consideration of the note was several tracts of land, which Snyder agreed to convey to the defendant; that he had no title for the land, and that the present plaintiff took the note with notice of this.

The plaintiff objected to this evidence on the ground that he had received no notice that such evidence would be given. The court, deeming the notice sufficient, overruled the objection, and the evidence was given.

Verdict and judgment for defendant.

*Roberts* and *M'Cormick* argued that the notice of special matter furnished did not contain any information of the matters offered and given in evidence, and therefore the evidence should have been rejected. 3 *Watts* 26; 5 *Johns. Ch.* 79.

*Adams* and *M'Clure, contra.* The court below are the proper judges of their own rules; and they deemed the notice, under our practice, sufficient. 14 *Serg. & Rawle* 176; 7 *Watts* 65; 3 *Binn.* 417. Besides, the objection to the evidence was merely technical; for the plaintiff was as well aware of the consideration of the note as the defendant.

The opinion of the Court was delivered by

HUSTON, J. — This was an action on a promissory note in the usual form, by which Theophilus Fenn promised to pay John Snyder, or order, $480, six months after date, for value received, without defalcation; dated 3d of December 1838, and endorsed " John Snyder—Benezer Hale." The note was regularly protested, at the instance of the Harrisburg Bank.

The cause was regularly at issue; and on the 3d of August 1840, the counsel of plaintiff, in writing, demanded a written statement of the special matter intended to be given in evidence, (under the plea of payment, with leave to give special matter in evidence,) as a defence on the trial of the cause; and he received the following:

" Sir,—You are hereby notified that on the trial of this cause, the above defendant will insist on, and give in evidence, that the supposed promissory note mentioned in the declaration in this cause, was obtained from the defendant without legal or sufficient consideration, and by undue means; and that the said defendant is not liable to pay the same. And you are further notified, and required to prove the consideration given by the said John Sny-

der, and every other party, for the said promissory note; and when such consideration was given and paid; and in what manner, and the person, or persons, by and from whom the said promissory note was obtained by the said Hale, or any other person; and the time when the said Hale became the owner thereof, and all other circumstances connected with, or arising out of the giving, or receiving, or endorsing the said note."

After the signature of Fenn, and the endorsement of Snyder, had been proved, the defendant offered as follows:

" That on the 11th of January 1841, he had a notice served on B. Hale, the plaintiff, requiring him to prove the consideration he gave to John Snyder for the note given in evidence; and further, that on the 31st of July 1838, John Snyder, by his agreement, under seal, sold the defendant the one-half of three tracts of land in Schuylkill county, for the sum of $1035, and covenanted for a title in fee simple for the said one-half of said three tracts of land; and if the title to the said land fails, he, the said John Snyder, would return the money.  That Benezer Hale was present at the making of said agreement, and agreed to guarantee the performance of the covenant and condition on the part of John Snyder, and gave to the said defendant assurances of the solvency and honesty of John Snyder.  That after the making of said agreement, defendant paid John Snyder $500.  That some time afterwards, B. Hale, with the patents to one John Fidler, for the said three tracts of land, and conveyances endorsed on them by Fidler to John Snyder, and the deed of John Snyder and Hannah his wife, dated the 18th of August 1838, to the defendant for the one-half of said three tracts of land, called on the defendant and tendered him the said deeds, and demanded his note for the balance, which defendant refused to give, as he was not perfectly satisfied as to the location and title to said land.  That on the 5th of December 1838, John Snyder gave a further agreement to the said defendant, as to the location of said lands, and the said note was given by defendant, in consideration of the aforesaid land, on said 5th day of December 1838.  And defendant will further give in evidence, that John Snyder had no title to said land, and that it was not located as he had stipulated to defendant, and that John Snyder was then and still is insolvent, and that B. Hale well knew all the before stated facts.  And defendant will further give in evidence, that having ascertained that he had no title to said land, he offered a deed reconveying said land to John Snyder, on the 28th of February 1840."

The court permitted the evidence to be given; and, as stated in the offer, was proved minutely, and some more.

The plaintiff brought this writ of error, and says if the notice of special matter had informed him of the defence offered and proved, he would have met and explained or rebutted the defendant's testimony.  In some judicial districts, the rules of court do

[Hale v. Fenn.]

not require the defendant to give notice of the matter intended to be proved under the plea of payment, *with leave to give,* &c. &c.; in other counties, by the rules, it is to be given in writing a certain length of time before the trial, or nothing but direct payment can be proved.    In this case, demand was made, and what purported to be notice of what defendant intended to prove was given.    It has been settled by reported cases for half a century, that under this plea and a proper notice, a defendant may at the trial prove anything which will show that, in equity or in law, he is not bound to pay the money demanded; and it is not denied that, in this case, if the notice given before the trial had been as full as the written statement of what was intended to be proved, made at the trial when witnesses were called, it was all admissible; but it is objected that the written notice, that the said note " was obtained without legal or sufficient consideration, and by undue means, and that the defendant was not liable to pay the same," contained nothing to point the plaintiff's attention to what was afterwards proved; and certainly it did not.    It comes instead of a special plea.    It has been decided that it need not be so formal, nor so precise as to dates and sums, as a special plea; but it must point out the facts or circumstances on which the defence is intended to be rested.    "Without legal and sufficient consideration, and by undue means," would apply as much to a note given on an election bet, or any other illegal transaction, as to the sale of land to which the seller had no title.    We are of opinion the notice of special matter was defective.    If this could be supported, it would lead to permitting a defendant to deceive a plaintiff by inducing him to prepare to meet one defence, when he intended to rely on a totally different matter.

It is not necessary to go into the evidence and law arising from it, as it appears in the case as before us.    The plaintiff alleges he can make out a very different case; that he can explain and repel the testimony given by defendant.    If he can do so, it will be a different case from this; and therefore this case, as it is before us, can have no application to it.    The reversal is on the ground of the total deficiency of the statement of special matter contained in the paper given to plaintiff's counsel, in answer to his written demand.    It is possible, perhaps probable, that at the time it was written, the defendant was not aware that he would be able to prove all that he did prove at the trial.    In such case, he ought to have given another and more full statement, pointing out the matters which he intended to prove, and on which he meant to rely.

Judgment reversed, and *venire de novo* awarded.