Opinion delivered June 7th, 1875, by
Walker, J.
We have been unable to obtain any direct decision of our own courts, as to the right of the defendants to demand a bill of particulars before plea to an indictment in a criminal prosecution, though the English authorities, it must be admitted, are numerous upon this subject, both in criminal as well as civil cases.
In Massachusetts, New York, and some other States the question has been repeatedly decided.
Notice of special matter in civil causes is in accordance with our practice, and necessary under the rules of court. The general doctrine that every man is entitled to a specification of the charges against him is deeply engraved in our criminal law, and is essential to the enjoyment of personal liberty, and therefore no argument or adjudged case is necessary to sustain this principle. If the indictment fails to set forth the charges with reasonable certainty, the court, in the exercise of a sound discretion, will direct a bill of *particulars, so that the defendants on the trial may be pre-pared to defend themselves. Commonwealth v. Wood, 4 Gray, 11.
In The Commonwealth v. Giles, 1 Gray, 469, Merrick, J., says : “ It is now a general rule, perfectly well established, that in all legal proceedings, civil and criminal, bills of particulars, or specifications of facts may and will be ordered by the court, whenever it is satisfied that there is danger that otherwise a party may be deprived of his rights or that justice cannot be done. Whether such an order shall be made is a question within the discretion of the *37 court, where the cause in which it is asked for is pending, to be judged of and determined upon the particular facts and circumstances attending it.”
And the party by whom it is furnished will be confined at the trial to the particulars so specified. Commonwealth v. Snelling, 15 Pick. 351.
Our Supreme Court say in Gilpin v. Howell, 5 Barr, 53 : “ The rule of practice which sanctions a call for particulars, has for its object definite information to the antagonistic party, of the plaintiff’s cause of action.”
To answer this purpose, it has been repeatedly ruled, that the particulars furnished ought to be as certain, and convey as much information as a special declaration. 2 Saunders on Pleading, 699 ;
Babcock v. Thompson, 3 Pick, 446; Hale v. Fenn, 3 W. & S. 361; Rex v. Hodgson, 3 Carr & Payne, 422 ; Lambert v. People, 9 Cowen, 586: Roscoe’s Criminal evidence, 178, 292, 420; Wharton’s Prec. Indict. (Conspiracy) 615; Commonwealth v. Gerdeman, per Briggs, J.; J’Anson v. Stuart, 1 T. R. 748 ; Rex v. Bootyman, 5 Carr. & Payne, 300; Rex v. Hamilton, 7 C. & P. 448 ; Adams v. Adams, 16 Pick. 254; Gardner v. Gardner, 2 Gray, 434 ; Tebbetts v. Pickering, 5 Cush. 83 ; Commonwealth v. Davis, 11 Pick. 434; Commonwealth v. Woods, 4 Gray, 11; Troubat & Haly’s Practice, vol. 1, part 1, p. 422.
In Rex v. Hodgen, 3 C. & Payne, 422, it is held, that in embezzlement if the prisoner did not know the specific acts of embezzlement, he should apply to the prosecutor for specification of them, and if refused the judge will, on motion supported by a proper affidavit, allow it.
See also Rex v. Bootyman, 5 Carr. & Payne, 300. In this case an affidavit is not required by the District Attorney. If notice of special matter must be given where a man’s property is in controversy, there is no reason why, under proper restrictions, it should be denied when his liberty and reputation are at issue.
The first count in this indictment is sufficiently specific, it is admitted so to be.
If the Commonwealth on the second and third counts intend to introduce other notes and facts than those mentioned in the first count, *they should give the defendants proper and timely notice, otherwise upon the trial of the case they will be con *38 fined to the evidence admissible under the first count in the indictment.
With reference to these two last counts the rule is made absolute.